## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| MAYOR TIFFANY HENYARD individually and officially as Mayor of the Village of Dolton, INSPECTOR KIM ALSTON, COMMANDER LACEY and VILLAGE OF DOLTON, an ILLINOIS MUNICIPAL CORPORATION, | )  Case No.<br>)<br>)<br>)  JURY DEMAND<br>)<br>)<br>) |
| Defendants. | )<br>) |

### COMPLAINT AT LAW

LAWRENCE GARDNER, and E-VETT TRUCKING AND WAREHOUSE ("Plaintiffs"), by and through its attorneys, Gregory E. Kulis and Associates Ltd. complains of VILLAGE OF DOLTON ("Dolton" or "Defendant"), MAYOR TIFFANY HENYARD, INSPECTOR KIM ALSTON, and COMMANDER LACEY as follows:

### PARTIES

1.      At all times relevant Plaintiff, E-VETT TRUCKING AND WAREHOUSE ("E-VETT") was a valid Illinois Limited Liability Company.

2.      The Plaintiff, LAWRENCE GARDNER was an individual residing in Cook County Illinois and the owner of E-VETT TRUCKING AND WAREHOUSE.

3.      The Defendant, TIFFANY HENYARD, at all times relevant was the Mayor of Dolton acting individually and officially as Mayor of Dolton.

4.      The Defendant, COMMANDER LACEY at all relevant times was the a police officer for the VILLAGE OF DOLTON acting under color of law and withing the scope of his employment.

1

5.      The Defendant, KIM ALSTON, at all relevant times was the city inspector of Dolton, Illinois, acting within her scope of authority and under color and authority of law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(3) because the action arises within the State of Illinois against a municipal corporation organized under the laws of the State. This Court also has jurisdiction because this action presents actual controversies or claims arising under Illinois law, the Illinois Constitution, and the United States Constitution. *See* 735 ILCS 5/2-701. Jurisdiction further lies pursuant to 28 USC §1331 / §1343 and supplemental jurisdiction under the State of Illinois.

## FACTUAL ALLEGATIONS

7.      At all times relevant, Plaintiff, LAWRENCE GARDNER was the rightful owner and tenant of the property located at 1330 E. 42nd St. in Dolton, Illinois.

8.      Plaintiff LAWRENCE GARDNER purchased the property and started E-VETT TRUCKING AND WAREHOUSE in the early part of April 2021.

9.      E-VETT TRUCKING AND WAREHOUSE LLC operated its business in the premises and promised defendant VILLAGE OF DOLTON to make repairs to the property, putting up an escrow of $1,000.

10.     In September of 2021 the Plaintiff filed for a business license.

11.     The Plaintiff was told he could operate pending the license process.

12.     The Plaintiff made the repairs to his property.

13.     On May 3rd, 2022, the Plaintiff's business was shut down by VILLAGE OF DOLTON Police Department and COMMANDER LACEY, despite the property being within code and approved by the VILLAGE OF DOLTON inspectors.

14.     On about June 6th, 2022, the Plaintiff was given a license for his business.

15.    On or about January 22nd, 2023, the Plaintiff held a business party at this business location, and was cited for no business license and unauthorized liquor sales.

16.    The Plaintiff was not selling alcohol.

17.    Plaintiff LAWRENCE GARDNER was initially found liable by an administrative court of the VILLAGE OF DOLTON for unauthorized sale of alcohol on February 16th, 2023. Plaintiff was found not liable on the other charges.

18.    On March 16th, 2023, Plaintiff LAWRENCE GARDNER filed a pro-se administrative review action (*Gardner v. Village of Dolton*, 2023-M-602509), challenging the February 16th 2023 finding.

19.    The Defendant VILLAGE OF DOLTON ignored the summons and action and an order of default was entered against it on May 22nd, 2023.

20.    On May 27th, 2023, rather than comply with the court's order, the Defendant VILLAGE OF DOLTON closed Gardner's business, claiming it was "not approved for occupancy" and put out stickers and notices announcing the closing of the property.

21.    On August 16th, 2023, judgement was entered in a Cook County Court for Plaintiff LAWRENCE GARDNER and Defendant VILLAGE OF DOLTON was ordered to pay costs.

22.    To date, the Defendant VILLAGE OF DOLTON has not paid costs due to Lawrence Gardner.

23.    The closure of the E-VETT TRUCKING AND WAREHOUSE LLC business and allegedly revoking its business license were in violation of Plaintiffs' due process rights in that no notice or hearing was provided before such summary action was taken.

24.    Upon inquiries, Plaintiff LAWRENCE GARDNER was told to talk to the Defendant MAYOR TIFFANY HENYARD. Plaintiff LAWRENCE GARDNER attempted to talk to Defendant TIFFANY HENYARD and she walked away.

25.    In an effort to further deprive LAWRENCE GARDNER and E-VETT TRUCKING

AND WAREHOUSE LLC from access and use of the property, the Defendant MAYOR TIFFANY HENYARD has used her private security and the VILLAGE OF DOLTON police department to obstruct allowing anyone to enter the property.

26.     Defendant MAYOR TIFFANY HENYARD has put out a verbal edict that no one was allowed on the property.

27.     In furtherance of this edict Defendant KIM ALSTON and COMMANDER LACEY came out to the property with VILLAGE OF DOLTON Police Department and cleared the property of Lawrence Gardner and his family, who were holding a family Celebration of Life on March 25th, 2023.

28.     Defendant KIM ALSTON and THE VILLAGE OF DOLTON Police Department did not have a warrant to enter the premises.

29.     This action was conducted by directive of MAYOR TIFFANY HENYARD.

30.     There was no exigent circumstances requiring the VILLAGE OF DOLTON authorities to enter the premises.

31.     The actions of the Defendants were done under color of law and within their scope of employment.

32.     The actions of the Defendants were intentional, willful, and wanton.

33.     Plaintiff LAWRENCE GARDNER's property was raided approximately eleven times without a warrant or exigent circumstances as a result of directives of MAYOR TIFFANY HENYARD and COMMANDER LACEY.

34.     When raids occurred and questioned, the Plaintiffs were informed that "It was out of our hands, the Mayor sent us."

35.     On one occasion, April 6th 2023, Defendant VILLAGE OF DOLTON Police Officer Defendant COMMANDER LACEY illegally entered the property and threw Plaintiff LAWRENCE

4

GARDNER against a desk, causing Plaintiff extreme injury and pain.

36.     The actions of the Defendant MAYOR TIFFANY HENYARD in directing the actions of Defendant KIM ALSTON and Defendant COMMANDER LACEY were a violation of the Plaintiff's due process rights as protected by the Fourteenth Amendment.

37.     The actions of illegally entering and searching the Plaintiff's property violated the Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

## COUNT I – DUE PROCESS RIGHTS

1-37.   The Plaintiff hereby realleges and incorporates the allegations of paragraphs 1-37 of Count I of the complaint as its allegations of paragraph 1-37 of Count II as though fully set forth herein.

38.     As a result of the Defendants' actions from January 2023 to present, the Plaintiffs suffered monetary loss, loss of business, damages, emotional distress, and anxiety.

**WHEREFORE,** the Plaintiffs pray that this Honorable Court grant judgement in their favor against the Defendants MAYOR TIFFANY HENYARD, KIM ALSTON, and COMMANDER LACEY jointly and severally for reasonable compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II – ILLEGAL SEARCH

1-37. The Plaintiff hereby realleges and incorporates the allegations of paragraphs 1-37 of Count I of the Complaint as its allegations of paragraphs 1-37 of Count II as though fully set forth herein.

38.     The Defendant COMMANDER LACEY with other Dolton Police Officers entered the property approximately eleven times without warrant or exigent circumstances.

39.     The actions of the Defendants in directing and consistently entering the property without a warrant violated the Plaintiffs' Fourth Amendment Rights.

5

40.    The actions of the Defendants interrupted the quite use and enjoyment of Plaintiff LAWRENCE GARDNER of his property and interference with the business of E-VETT TRUCKING AND WAREHOUSE.

41.    As a result of the actions of the Defendants KIM ALSTON and COMMANDER LACEY, the Plaintiff suffered fear, anxiety, injury, interference with their business, money losses and damages.

**WHEREFORE** the Plaintiffs pray that this Honorable Court grant judgement in their favor against the Defendants KIM ALSTON and COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT III – EXCESSIVE FORCE / COMMANDER LACEY

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count II as his respective allegations of paragraphs 1-37 of Count III as though fully set forth herein.

38.    The Plaintiff LAWRENCE GARDENER was physically injured as a result of the actions of COMMANDER LACEY on April 6th, 2023.

39.    The actions of Defendant COMMANDER LACEY were excessive, unreasonable and unwarranted.

40.    The actions of COMMANDER LACEY were intentional, willful, and wanton.

41.    The actions of COMMANDER LACEY violated Plaintiff's Fourth Amendment Rights as protected by 42 U.S.C. § 1983.

42.    As a result of the actions of COMMANDER LACEY, The Plaintiff suffered pain, suffering, injuries, monetary loss, emotional distress and anxiety.

**WHEREFORE**, the Plaintiff, LAWRENCE GARDNER, prays for judgement against COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees

and costs.

## COUNT IV FALSE ARREST / JUNE 11th 2023

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count III as his respective allegations of paragraphs 1-37 of Count IV as though fully set forth herein.

38. On or about June 10th, 2023 the Plaintiff, LAWRENCE GARDNER, was lawfully on his property.

39. Without just cause or a warrant the Defendant, COMMANDER LACEY, entered the property.

40. The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking any laws.

41. Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for obstruction of justice, battery, and resisting arrest.

42. The actions of COMMANDER LACEY were intentional, willful, and wanton.

43. The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

44. As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**WHEREFORE**, the Plaintiff, LAWRENCE GARDNER, prays for judgement against COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT V FALSE ARREST / JULY 2023

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count IV as his respective allegations of paragraphs 1-37 of Count V as though fully set forth

herein.

38.     On or about July of 2023, the Plaintiff was within his property with signs and protestors protesting against the actions of Defendant MAYOR TIFFANY HENYARD.

39.     Without just cause or a warrant the Defendant, COMMANDER LACEY, entered the property.

40.     The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking any laws.

41.     Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for several charges, including illegal assembly and illegal protest.

42.     The actions of COMMANDER LACEY were intentional, willful, and wanton.

43.     The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

44.     As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**WHEREFORE**, the Plaintiff, LAWRENCE GARDNER, prays for judgement against COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VI FALSE ARREST / JANUARY 1st 2024

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count V as his respective allegations of paragraphs 1-37 of Count VI as though fully set forth herein.

38.     On or about January 1st 2024, the Plaintiff was within his property.

39.     Without just cause or a warrant the Defendant, COMMANDER LACEY, entered

the property.

40.     The Defendant COMMANDER LACEY did not have a warrant or exigent circumstances.

41.     The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking any laws.

42.     Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for illegal alcohol and illegal assembly.

43.     The actions of COMMANDER LACEY were intentional, willful, and wanton.

44.     The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

45.     As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**WHEREFORE**, the Plaintiff, LAWRENCE GARDENER, prays for judgement against COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VII – JULY 2023 / FIRST AMENDMENT

1-43. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-43 of Count V as his respective allegations of paragraphs 1-43 of Count VII as though fully set forth herein.

44.     The actions of arresting the Plaintiff for protesting violated Plaintiff LAWRENCE GARDNER's first amendment rights as protected by 42 U.S.C. § 1983.

45.     The actions of COMMANDER LACEY were intentional, willful, and wanton.

46.     As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**WHEREFORE**, the Plaintiff, LAWRENCE GARDNER, prays for judgement against COMMANDER LACEY for reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VIII: MONEL POLICY

1-38. The Plaintiff hereby realleges and incorporates the allegations of Paragraph 1-38 of Counts I and II as their allegations of Paragraphs 1-38 of Count VIII as though fully set forth herein.

39.     The VILLAGE OF DOLTON has a practice and policy of interfering with the rights and the businesses of Plaintiff business owners in the VILLAGE OF DOLTON.

40.     The VILLAGE OF DOLTON through official edits of Defendant MAYOR TIFFANY HENYARD has directed employees to interfere with lawful business and property rights of individuals after Lawrence Gardner refused to pay $3,500.00 annually.

41.     The VILLAGE OF DOLTON has a practice, custom, and policy of failing to officially notify applicants that a business license has been denied.

42.     The VILLAGE OF DOLTON has a practice and policy of denying license holders or applicants of a right to a hearing for either revoking or denying a business license.

43.     In evidence of these practices and policies are the multitude of current litigation and actions filed against the Defendants and this administration, including but not limited to the following:

    a.    Calumet Conservation Club v. Village of Dolton, et al. (2023CH06475)

    b.    Pablo's Café and Bar LLC v. Village of Dolton, et al. (2024-CV-01770)

    c.    Lacey's Place LLC v. Village of Dolton, et al. (2023 CH 07019)

    d.    Redeemed Christian Church of God Resurrection Power Assembly v. Tiffany Henyard, et al. (1:24-cv-01868)

e. <u>George's Towing Inc. v. Village of Dolton, et al.</u> (1:23-cv-06441)

f. <u>Rucker Holdings v. Village of Dolton, et al.</u> (22-cv-1796)

g. <u>Isom Jr., et al v. Village of Dolton, et al.</u> (1:24-cv-03236)

h. <u>Woods, et al. v. Freeman, et al.</u> (1:24-cv-11776)

44. As a result of these customs, practices and policies created by Defendant MAYOR TIFFANY HENYARD and the VILLAGE OF DOLTON, the Plaintiffs incurred monetary losses, ongoing emotional distress and other damages.

**WHEREFORE**, the Plaintiffs LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE prays for judgement against the Defendant MAYOR TIFFANY HENYARD officially and VILLAGE OF DOLTON for fair and reasonable compensatory damages, attorneys fees and costs.

## <u>COUNT IX MONEL POLICY – COMMANDER LACEY</u>

1-39. The Plaintiff hereby realleges his allegations of Paragraphs 1-39 of counts III, IV, V, VI, and VII as his allegations of paragraphs 1-39 of Count IX as though fully set forth herein.

40. COMMANDER LACEY has a history of complaints against him by citizens for false arrest and excessive force.

41. The VILLAGE OF DOLTON has failed to investigate and/or ignored the consistent outrageous unlawful conduct of COMMANDER LACEY.

42. THE VILLAGE OF DOLTON has a practice and policy of allowing COMMANDER LACEY to run free and unchecked.

43. The custom, practice, and policy was a driving force and contributed to the continued unlawful conduct against LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE.

44. Evidence of this custom, practice and policy is the multitude of complaints and

lawsuits against COMMANDER LACEY as a law enforcement officer.

45. Asa result of this practice, custom and policy the Plaintiff LAWRENCE GARDNER suffered fear, anxiety, pain, suffering, inconvenience, and monetary losses.

**WHEREFORE**, the Plaintiff LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE prays for judgement against the Defendant COMMANDER LACEY and VILLAGE OF DOLTON fair and reasonable compensatory damages, punitive damages, Attorney's Fees and Costs.

## COUNT IX INDEMNIFICATION

1-43. Plaintiff re-alleges and incorporates the allegations of Counts I-VII as their allegations of paragraphs 1-43 as though fully set forth herein.

44. Illinois Law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

45. Defendant TIFFANY HENYARD is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

46. Defendant KIM ALSTON is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

47. Defendant COMMANDER LACEY is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

48. Should Defendants KIM ALSTON, TIFFANY HENYARD, and COMMANDER LACEY be found liable for the acts alleged above, the Defendant VILLAGE OF DOLTON would be liable to pay the Plaintiff any judgement obtained against said Defendant.

WHEREFORE, the Plaintiffs pray for judgement against the Defendant VILLAGE OF DOLTON for reasonable compensatory damages plus attorney's fees and costs.

**JURY DEMAND**

The Plaintiffs hereby request a trial by jury.

Respectfully submitted,

**LAWRENCE GARDNER**

By: */s/ Gregory E. Kulis*
    Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis (#6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830**
**e. service@kulislawltd.com**