IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE GARNDER and E-VETT TRUCKING AND WAREHOUSE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MAYOR TIFFANY HENYARD, individually and officially as Mayor of the Village of Dolton, INSPECTOR KIM ALSTON, COMMANDER LACEY, and VILLAGE OF DOLTON, an Illinois municipal corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No.: 24-cv-11825

**DEFENDANT VILLAGE OF DOLTON'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant Village of Dolton, by and through its attorneys Odelson, Murphey, Frazier & McGrath, Ltd., and for its answer and affirmative defenses to Plaintiff's Complaint at Law hereby states as follows:

**PARTIES**

1. At all times relevant Plaintiff, E-VETT TRUCKING AND WAREHOUSE ("E-VETT") was a valid Illinois Limited Liability Company.

**ANSWER:** **The Village denies the allegations contained in Paragraph 1.**

2. The Plaintiff, LAWRENCE GARDNER was an individual residing in Cook County Illinois and the owner of E-VETT TRUCKING AND WAREHOUSE.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies same.**

1

3. The Defendant, TIFFANY HENYARD, at all times relevant was the Mayor of Dolton acting individually and officially as Mayor of Dolton.

**ANSWER:** **The Village admits TIFFANY HENYARD was at all times relevant the Mayor of Dolton and was acting individually. The Village lacks knowledge or information sufficient to form a belief as to whether she was acting officially as the Mayor of Dolton or acting on behalf of the Village of Dolton at all times relevant, and therefore denies same.**

4. The Defendant, COMMANDER LACEY at all relevant times was the a police officer for the VILLAGE OF DOLTON acting under color of law and withing the scope of his employment.

**ANSWER:** **The Village admits Commander Lacey was a police officer for the Village of Dolton and lacks knowledge or information sufficient to form a belief as to whether he was acting under color of law and within the scope of his employment at all times relevant, and therefore denies same.**

5. The Defendant, KIM ALSTON, at all relevant times was the city inspector of Dolton, Illinois, acting within her scope of authority and under color and authority of law.

**ANSWER**: **The Village denies that Kim Alson was the "city inspector" of Dolton, Illinois and lacks knowledge or information sufficient to form a belief as to whether she was acting within her scope of authority and under color and authority of law at all times relevant, and therefore denies same.**

6. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(3) because the action arises within the State of Illinois against a municipal corporation organized under the laws of the State. This Court also has jurisdiction because this action presents actual controversies or claims arising under Illinois law, the Illinois Constitution, and the United States Constitution. *See* 735 ILCS 5/2-701. Jurisdiction further lies pursuant to 28 USC §1331 / §1343 and supplemental jurisdiction under the State of Illinois.

**ANSWER**: **The Village admits this Court has jurisdiction over this action pursuant to 28 USC § 1331 and § 1343 and denies the remaining allegations contained in Paragraph 6.**

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff, LAWRENCE GARDNER was the rightful owner and tenant of the property located at 1330 E. 42nd St. in Dolton, Illinois.

**ANSWER**: **The Village denies LAWRENCE GARDNER is the rightful owner of the property located at 1330 E. 42nd St. in Dolton, Illinois and lacks knowledge or information sufficient to form a belief as to whether he is the tenant of the property and therefore denies same.**

8. Plaintiff LAWRENCE GARDNER purchased the property and started E-VETT TRUCKING AND WAREHOUSE in the early part of April 2021.

**ANSWER**: **The Village denies LAWRENCE GARDNER purchased the property and lacks knowledge or information sufficient to form a belief as to when he started E-VETT TRUCKING AND WAREHOUSE and therefore denies same.**

9. E-VETT TRUCKING AND WAREHOUSE LLC operated its business in the premises and promised defendant VILLAGE OF DOLTON to make repairs to the property, putting up an escrow of $1,000.

**ANSWER**: **The Village admits Plaintiff promised to make repairs to the property and put up an escrow of $1,000.00. The Village lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and therefore denies same.**

10. In September of 2021 the Plaintiff filed for a business license.

**ANSWER**: **The Village denies the allegations contained in Paragraph 10.**

11. The Plaintiff was told he could operate pending the licensing process.

**ANSWER**: **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies same.**

12. The Plaintiff made repairs to his property.

**ANSWER**: **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies same.**

13. On May 3rd, 2022, the Plaintiff's business was shut down by VILLAGE OF DOLTON Police Department and COMMANDER LACEY, despite the property being within code and approved by the VILLAGE OF DOLTON inspectors.

**ANSWER**: **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies same.**

14. On about June 6th, 2022, the Plaintiff was given a license for his business.

**ANSWER**: **The Village denies the allegations contained in Paragraph 14.**

15. On or about January 22nd, 2023, the Plaintiff held a business party at this business location, and was cited for no business license and unauthorized liquor sales.

**ANSWER**: **The Village admits the Plaintiff held a party at this business location on January 22, 2023, admits Plaintiff was cited for unauthorized liquor sales and denies the remaining allegations contained in Paragraph 15.**

16. The Plaintiff was not selling alcohol.

**ANSWER**: **The Village denies the allegations contained in Paragraph 16.**

17. Plaintiff LAWRENCE GARDNER was initially found liable by an administrative court of the VILLAGE OF DOLTON for unauthorized sale of alcohol on February 16th, 2023. Plaintiff was found not liable on the other charges.

**ANSWER**: **The Village admits the allegations contained in Paragraph 17.**

18. On March 16th, 2023, Plaintiff LAWRENCE GARDNER filed a pro-se administrative review action (*Gardner v. Village of Dolton*, 2023-M-602509), challenging the February 16th 2023 finding.

**ANSWER**: **The Village admits the allegations contained in Paragraph 18.**

19. The Defendant VILLAGE OF DOLTON ignored the summons and action and an order of default was entered against it on May 22nd, 2023.

**ANSWER**: **The Village admits a default order was entered against it, which was later vacated, and denies the remaining allegations contained in Paragraph 19.**

20. On May 27th, 2023, rather than comply with the court's order, the Defendant VILLAGE OF DOLTON closed Gardner's business, claiming it was "not approved for occupancy" and put out stickers and notices announcing the closing of the property.

**ANSWER**: **The Village admits a cease and desist by police order was issued to 1330 Dolton Avenue on May 27, 2023 and denies the remaining allegations contained in Paragraph 20.**

21. On August 16th, 2023, judgement was entered in a Cook County Court for Plaintiff LAWRENCE GARDNER and Defendant VILLAGE OF DOLTON was ordered to pay costs.

**ANSWER**: **The Village admits a judgment was entered for Plaintiff Lawrence Gardner regarding his administrative review complaint and the Village was ordered to pay court costs. The Village denies the remaining allegations contained in Paragraph 21.**

22. To date, the Defendant VILLAGE OF DOLTON has not paid costs due to Lawrence Gardner.

**ANSWER**: **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.**

23. The closure of the E-VETT TRUCKING AND WAREHOUSE LLC business and allegedly revoking its business license were in violation of Plaintiffs' due process rights in that no notice or hearing was provided before such summary action was taken.

**ANSWER:** **The Village denies the allegations contained in Paragraph 23.**

24. Upon inquiries, Plaintiff LAWRENCE GARDNER was told to talk to the Defendant MAYOR TIFFANY HENYARD. Plaintiff LAWRENCE GARDNER attempted to talk to Defendant TIFFANY HENYARD and she walked away.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies same.**

25. In an effort to further deprive LAWRENCE GARDNER and E-VETT TRUCKING from access and use of the property, the Defendant MAYOR TIFFANY HENYARD has used her private security and the VILLAGE OF DOLTON police department to obstruct allowing anyone to enter the property.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies same.**

26. Defendant MAYOR TIFFANY HENYARD has put out a verbal edict that no one was allowed on the property.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies same.**

27. In furtherance of this edict Defendant KIM ALSTON and COMMANDER LACEY came out to the property with VILLAGE OF DOLTON Police Department and cleared the property of Lawrence Gardner and his family, who were holding a family Celebration of Life on March 25th, 2023.

**ANSWER:** **The Village admits Kim Alston and members of the Dolton Police Department went to 1330 Dolton Avenue on March 25, 2023 and deny the remaining allegations contained in Paragraph 27.**

28. Defendant KIM ALSTON and THE VILLAGE OF DOLTON Police Department did not have a warrant to enter the premises.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies same**.

29. This action was conducted by directive of MAYOR TIFFANY HENYARD.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies same**.

30. There was no exigent circumstances requiring the VILLAGE OF DOLTON authorities to enter the premises.

6

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies same**.

31. The actions of the Defendants were done under color of law and within their scope of employment.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 and therefore denies same**.

32. The actions of the Defendants were intentional, willful, and wanton.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and therefore denies same**.

33. Plaintiff LAWRENCE GARDNER's property was raided approximately eleven times without a warrant or exigent circumstances as a result of directives of MAYOR TIFFANY HENYARD and COMMANDER LACEY.

**ANSWER:** **The Village denies the allegations contained in Paragraph 33**.

34. When raids occurred and questioned, the Plaintiffs were informed that "It was out of our hands, the Mayor sent us."

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and therefore denies same**.

35. On one occasion, April 6th 2023, Defendant VILLAGE OF DOLTON Police Officer Defendant COMMANDER LACEY illegally entered the property and threw Plaintiff LAWRENCE GARDNER against a deck, causing Plaintiff extreme injury and pain.

**ANSWER:** **The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies same.**

36. The actions of the Defendant MAYOR TIFFANY HENYARD in directing the actions of Defendant KIM ALSTON and Defendant COMMANDER LACEY were a violation of the Plaintiff's due process rights as protected by the Fourteenth Amendment.

**ANSWER:** **The Village denies the allegations contained in Paragraph 36.**

37. The actions of illegally entering and searching the Plaintiff's property violated the Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER:** The Village denies the allegations contained in Paragraph 37.

### COUNT I – DUE PROCESS RIGHTS

**COUNT I is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT II – ILLEGAL SEARCH

**COUNT II is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT III – EXCESSIVE FORCE / COMMANDER LACEY

**COUNT III is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT IV FALSE ARREST / JUNE 11th 2023

**COUNT IV is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT V FALSE ARREST / JULY 2023

**COUNT V is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT VI FALSE ARREST / JANUARY 1st 2024

**COUNT VI is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT VII – JULY 2023 / FIRST AMENDMENT

**COUNT VII is not brought against Defendant Village and therefore no answers are required. To the extent answers are required, the Village denies.**

### COUNT VIII: MONEL (sic) POLICY

1-38. The Plaintiff hereby realleges and incorporates the allegations of Paragraph 1-38 of Counts I and II as their allegations of Paragraphs 1-38 of Count VIII as though fully set forth herein.

**ANSWER:** **The Village hereby realleges and incorporated its answers to Paragraphs 1-38 as though fully set forth herein.**

39. The VILLAGE OF DOLTON has a practice and policy of interfering with the rights and the businesses of Plaintiff business owners in the VILLAGE OF DOLTON.

**ANSWER:** **The Village denies the allegations contained in Paragraph 39**.

40. The VILLAGE OF DOLTON through official edits (sic) of Defendant MAYOR TIFFANY HENYARD has directed employees to interfere with lawful business and property rights of individuals after Lawrence Gardner refused to pay $3,500.00 annually.

**ANSWER:** **The Village denies the allegations contained in Paragraph 40.**

41. The VILLAGE OF DOLTON has a practice, custom, and policy of failing to officially notify applicants that a business license has been denied.

**ANSWER:** **The Village denies the allegations contained in Paragraph 41.**

42. The VILLAGE OF DOLTON has a practice and policy of denying license holders or applicants of a right to a hearing for either revoking or denying a business license.

**ANSWER:** **The Village denies the allegations contained in Paragraph 42.**

43. In evidence of these practices and policies are the multitude of current litigation and actions filed against the Defendants and this administration, including but not limited to the following:

   a. Calumet Conservation Club v. Village of Dolton, et al. (2023CH06475)

   b. Pablo's Café and Bar LLC v. Village of Dolton, et al. (2024-CV-01770)

   c. Lacey's Place LLC v. Village of Dolton, et al. (2023 CH 07019)

   d. Redeemed Christian Church of God Resurrection Power Assembly v. Tiffany Henyard, et al. (1:24-cv-01868)

   e. George's Towing Inc. v. Village of Dolton, et al. (1:23-cv-06441)

    f.    <u>Rucker Holdings v. Village of Dolton, et al. (22-cv-1796)</u>

    g.    <u>Isom Jr., et al v. Village of Dolton, et al. (1:24-cv-03236)</u>

    h.    <u>Woods, et al. v. Freeman, et al. (1:24-cv-11776)</u>

**ANSWER:** **The Village admits the existence of these lawsuits and denies the remaining allegations contained in Paragraph 43.**

44. As a result of these customs, practices and policies created by Defendant MAYOR TIFFANY HENYARD and the VILLAGE OF DOLTON, the Plaintiffs incurred monetary losses, ongoing emotional distress and other damages.

**ANSWER:** **The Village denies the allegations contained in Paragraph 44.**

### COUNT IX MONEL (sic) POLICY – COMMANDER LACEY

1-39. The Plaintiff hereby realleges his allegations of Paragraphs 1-39 of counts III, IV, V, VI, and VII as his allegations of paragraphs 1-39 of Count IX as though fully set forth herein.

**ANSWER:** **The Village hereby realleges and incorporated its answers to Paragraphs 1-39 as though fully set forth herein.**

40. COMMANDER LACEY has a history of complaints against him by citizens for false arrest and excessive force.

**ANSWER:** **The Village admits the allegations contained in Paragraph 40.**

41. The VILLAGE OF DOLTON has failed to investigate and/or ignored the consistent outrageous unlawful conduct of COMMANDER LACEY.

**ANSWER:** **The Village denies the allegations contained in Paragraph 41**.

42. THE VILLAGE OF DOLTON has a practice and policy of allowing COMMANDER LACEY to run free and unchecked.

**ANSWER:** **The Village denies the allegations contained in Paragraph 42.**

43. The custom, practice, and policy was a driving force and contributed to the continued unlawful conduct against LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE.

**ANSWER:** **The Village denies the allegations contained in Paragraph 43.**

44. Evidence of this custom, practice and policy is the multitude of complaints and lawsuits against COMMANDER LACEY as a law enforcement officer.

**ANSWER:** **The Village denies the allegations contained in Paragraph 44.**

45. As a result of this practice, custom and policy the Plaintiff LAWRENCE GARDNER suffered fear, anxiety, pain, suffering, inconvenience, and monetary losses.

**ANSWER:** **The Village denies the allegations contained in Paragraph 45.**

## COUNT IX INDEMNIFICATION

1-43. Plaintiff re-alleges and incorporates the allegations of Counts I-VII as their allegations of paragraphs 1-43 as though fully set forth herein.

**ANSWER:** **The Village hereby realleges and incorporates its answers to Paragraphs 1-43 as though fully set forth herein.**

44. Illinois Law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **The Village admits the allegations contained in Paragraph 44.**

45. Defendant TIFFANY HENYARD is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER:** **The Village denies that TIFFANY HENYARD is or was an employee of the Village of Dolton and therefore denies that her alleged conduct was within the scope of her employment.**

11

46. Defendant KIM ALSTON is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER:** **The Village admits KIM ALSTON is or was an employee of the Village of Dolton and lacks knowledge or information sufficient to form a belief as to whether she acted within the scope of her employment, and therefore denies same.**

47. Defendant COMMANDER LACEY is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER:** **The Village admits COMMANDER LACEY is or was an employee of the Village of Dolton and lacks knowledge or information sufficient to form a belief as to whether he acted within the scope of his employment, and therefore denies same.**

48. Should Defendants KIM ALSTON, TIFFANY HENYARD, and COMMANDER LACEY be found liable for the acts alleged above, the Defendant VILLAGE OF DOLTON would be liable to pay the Plaintiff any judgement obtained against said Defendant.

**ANSWER:** **The Village denies the allegations contained in Paragraph 48.**

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant Village of Dolton, and, for its Affirmative Defenses to Plaintiff's Complaint at Law, hereby states as follows:

1. To the extent the Village of Dolton is required to indemnify the individual Defendants, the Village adopts each of their affirmative defenses as if set forth fully herein.

Respectfully submitted,

**VILLAGE OF DOLTON**

By: /s/ Lauren M. DaValle

12

Michael J. McGrath, mmcgrath@omfmlaw.com
Robert Wilder, rwilder@omfmlaw.com
Lauren M. DaValle, ldavalle@omfmlaw.com
Sean P. McGrath, smcgrath@omfmlaw.com
**Odelson, Murphey, Frazier & McGrath, Ltd.**
3318 W. 95th Street
Evergreen Park, IL 60805
Ph: (708) 424-5678