# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GARDNER AND E-VETT TRUCKING AND WAREHOUSE, | ) ) | |
| Plaintiff, | ) | Case No. 24-CV-11825 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| VILLAGE OF DOLTON, et al. | ) | |
| Defendants. | ) | |

## DEFENDANTS TIFFANY HENYARD'S AND KIM ALSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

Defendants Tiffany Henyard and Kim Alston, in their individual capacities ("Defendants"), by their undersigned attorneys, and, pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss all counts of Plaintiff Lawrence Gardner's ("Gardner") Complaint at Law ("Complaint") and state as follows:

### INTRODUCTION

On November 18, 2024, Plaintiff Gardner filed his ten-count complaint against the Village of Dolton, Tiffany Henyard, Kim Alston, and Lewis Lacey. (Dkt. 1). Plaintiff names Defendant Henyard in two of his claims; Violation of Gardner's Fourth Amendment rights to due process (Count I) and a Monell claim against Defendant Henyard in her official capacity (Count VIII). Plaintiff also names Defendant Alston in two of his claims; Violation of Plaintiff's Fourth Amendment rights to due process (Count I) and illegal search in violation of Plaintiff's Fourth Amendment rights (Count II). All claims made against Defendants Henyard and Alston (Counts I, II, and VIII) must be dismissed pursuant to 12(b)(6). Plaintiff's due process claim against Defendants Henyard and Alston (Count I) and illegal search claim against Defendant Alston (Count II) both fail to allege personal involvement and therefore must be dismissed. Plaintiff's *Monell* claim against Defendant Henyard in her official capacity (Count VIII) is duplicative of his

1

claim against the Village of Dolton and therefore redundant and must be dismissed.

## FACTUAL BACKGROUND[1]

Plaintiff Lawrence Gardner, the owner of E-VETT TRUCKING AND WAREHOUSE, alleges that he is the rightful owner and tenant of the property located at 1330 E. 42nd St. in Dolton, Illinois. (Compl. ¶ 7). After purchasing the property, Gardner commenced business operations in early April 2021 and, and promised to make the necessary repairs to the property. (Compl. ¶ 8-9). In September 2021, Plaintiff alleges he filed for a business license and was informed that he could operate his business while the license application was pending. (Compl. ¶10–¶11).

Gardner alleges that, on May 3, 2022, his business was shut down by the Village of Dolton Police Department. (Compl. ¶13). A business license was issued on or about June 6, 2022. (Compl. ¶14.) On January 22, 2023, during a business party held at the premises, Gardner was cited for operating without a license and for alleged unauthorized liquor sales. (Compl. ¶15–¶16). An administrative court subsequently found him liable for unauthorized sale of alcohol on February 16, 2023, prompting Gardner to file an administrative review action on March 16, 2023. (Compl. ¶17-18).

The Complaint further alleges that after an order of default was entered against the Village on May 22, 2023 for failing to respond to litigation, the Village defied its obligations by closing Gardner's business on May 27, 2023—citing that the premises were "not approved for occupancy" and posting notices to that effect (Compl. ¶19 -20). A subsequent judgment on August 16, 2023, ordered the Village to pay costs, which Plaintiff alleges remain unpaid. (Compl. ¶21–22). Plaintiff contends that the sudden closure of his business and the revocation of his license were carried out without any notice or hearing, thereby violating his due process rights. (Compl. ¶23).

---

[1] For purposes of this motion to dismiss only, Defendants accept Plaintiff's well-pleaded allegations in the Complaint as true.

In attempts to address these issues, Plaintiff claims he was directed to speak with Mayor Tiffany Henyard. Plaintiff alleges that, when he approached her, she walked away. (Compl. ¶24). The Complaint alleges that, Mayor Henyard has used her private security and the Village of Dolton Police Department "to obstruct allowing anyone to enter the property." (Compl. ¶25). Plaintiff alleges that Inspector Kim Alston and Commander Lacey came to the property and with the Village of Dolton Police department, cleared Plaintiff and his family from the premises on March 25, 2023. (Compl. ¶27). Plaintiff alleges that the Village police conducted approximately eleven unwarranted raids on his property without exigent circumstances. (Compl. ¶28–¶34).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In evaluating a complaint under Rule 12(b)(6), a Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. This Court, however, need not accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT

I. **Count I (Due Process) Fails to State a Plausible Claim Against Henyard or Alston.**

3

### A. Plaintiff Fails to Allege a Constitutionally Protected Property Interest and a Deprivation by Defendants Henyard or Alston

Count I alleges that Plaintiff's due process rights were violated when his business was closed and his business license purportedly revoked or denied. The Fourteenth Amendment of the U.S. Constitution prohibits state actors "from depriving persons of 'life, liberty, or property, without due process of law.'" *Manistee Apartments, LLC v. City of Chi.*, 844 F.3d 630, 633 (7th Cir. 2016) (quoting U.S. Const. amend. XIV, § 1)). To determine if a complaint alleges a procedural due process violation, a court conducts a two-step inquiry: (1) did the Defendant deprive Plaintiff of a liberty or property interest protected by due process; and (2) if so, did the deprivation happen without due process of law. *See Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). Even assuming Plaintiff has a protected property interest in his business license, Plaintiff has failed to present facts showing that Defendants Henyard or Alston were responsible for the revocation or denial of said license. The Complaint does not allege any formal action by Henyard or Alston—nor any ultimate authority on their part—that resulted in the purported revocation. A viable due process claim cannot proceed where Plaintiff merely offers generalized and conclusory allegations that "the Defendants" (collectively) deprived him of his rights. Plaintiff must present facts demonstrating each defendant's involvement in the specific unconstitutional deprivation. He has not done so here.

### B. No Personal Involvement of Alston in Any Purported Due Process Deprivation

Plaintiff does not allege facts establishing that Alston was the decisionmaker who shut down the business or revoked the license. The Complaint merely notes that Alston was present at the property on one occasion (March 25, 2023) with officers, but does not allege Alston had the legal authority—or actually exercised such authority—to close the business or deny any hearing. Plaintiff's conclusory allegation that "Defendant Alston and Commander Lacey came out to the

4

property" or "cleared the property" do not, without more, equate to a denial of due process regarding the business license. Absent factual allegations indicating Alston's direct role in withholding or revoking the license, the claim against Alston is not plausible.

### C. No Personal Involvement of Henyard Beyond Conclusory Allegations

The Complaint repeatedly alleges that Plaintiff was told to speak with Defendant Henyard and that she purportedly "walked away," or that she made "verbal edicts" related to Plaintiff's business. (Compl. ¶ 24, 26). However, these are conclusory assertions lacking specific factual detail that would show Henyard personally deprived Plaintiff of notice or a hearing. Simply stating that Defendant Henyard has ordered that "no one was allowed on the property" does not by itself establish a procedural due process violation. (Compl. ¶ 26). Plaintiff does not allege how, when, or under what official procedure that "edict" constituted a final deprivation of Plaintiff's property or business license without constitutionally required procedures.

### II. Count II (Illegal Search) Fails to State a Plausible Claim Against Alston

Plaintiff's Count II fails against Defendant Alston because there are no allegations that she conducted, directed, or participated in any alleged warrantless searches. Count II alleges repeated, warrantless entries by "Commander Lacey and other Dolton Police Officers." (Compl. ¶ 38–39). While Plaintiff briefly includes Alston's name in Count II (¶ 41), the factual paragraphs do not specifically claim that Alston personally entered the property or led or participated in the alleged searches. Plaintiff's passing statement that Alston and Lacey came to the property on March 25, 2023, "with Village of Dolton Police Department," (Compl. ¶ 27) does not suffice to show an unlawful "search," nor does it show Alston seized anything or forcibly entered.

### III. Plaintiff's Monell Claim (Count VIII) Against Defendant Henyard Is Redundant with His Claim Against the Village of Dolton.

Defendant Henyard moves to dismiss Plaintiff's Monell claim against her in her official

5

capacity on the basis that the official capacity claim is duplicative of Gardner's claims brought against the municipality itself; the Village of Dolton. It is well-established law that a § 1983 claim "against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents." *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999); accord *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (recognizing that a claim brought against an individual in their official capacity is "in all respects other than name, to be treated as a suit against the [municipal] entity ... for the real party in interest is the entity") (internal citation omitted). Thus, when a plaintiff brings a claim against a municipal entity under § 1983, to the extent the plaintiff alleges the same claim against a government official in his or her official capacity, such claim is duplicative and subject to dismissal. *See Moreno-Avalos v. City of Hammond, Ind.*, 2017 U.S. Dist. LEXIS 1191, 2017 WL 57850, at *2 (No. 16-cv-172, N.D. Ind., Jan. 4, 2017) ("If a plaintiff brings a suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed."). In this case, Plaintiff's *Monell* claim (Count VIII) made against Defendant Henyard in her official capacity is also made against the Village of Dolton and are therefore redundant and should be dismissed.

## CONCLUSION

For the reasons stated above, the Defendants request all claims against Defendants Henyard (Counts I and VIII) and Alston (Counts I and II) be dismissed with prejudice, and for any other relief this Court deems appropriate.

Dated: February 6, 2025

Respectfully submitted,
DEFENDANTS TIFFANY HENYARD AND KIM ALSTON

By: /s/ Michael Schalka
Michael J. Schalka
Thomas More Leinenweber
Leinenweber, Daffada & Sansonetti, LLC

6

120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
866-786-3705
mjs@ilesq.com