## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GARDNER AND E-VETT TRUCKING AND WAREHOUSE, | ) ) | |
| Plaintiff, | ) | Case No. 24-CV-11825 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| VILLAGE OF DOLTON, et al. | ) | |
| Defendants. | ) | |

## LEWIS LACEY'S ANSWER TO COMPLAINT

Defendant Lewis Lacey ("Defendant"), by his undersigned attorneys, answers Plaintiff's

Complaint as follows:

## PARTIES

**1.**     At all times relevant Plaintiff, E-VETT TRUCKING AND WAREHOUSE ("E-VETT") was a valid Illinois Limited Liability Company.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

**2.**     The Plaintiff, LAWRENCE GARDNER was an individual residing in Cook County Illinois and the owner of E-VETT TRUCKING AND WAREHOUSE.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

**3.**     The Defendant, TIFFANY HENYARD, at all times relevant was the Mayor of Dolton acting individually and officially as Mayor of Dolton.

**ANSWER: Defendant Lacey admits that Tiffany Henyard was the Mayor of Dolton.**

**4.**     The Defendant, COMMANDER LACEY at all relevant times was the a police officer for the VILLAGE OF DOLTON acting under color of law and withing the scope of his employment.

**ANSWER: Defendant admits that he was employed by the Village of Dolton Police**

1

Department.

5.      The Defendant, KIM ALSTON, at all relevant times was the city inspector of Dolton, Illinois, acting within her scope of authority and under color and authority of law.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(3) because the action arises within the State of Illinois against a municipal corporation organized under the laws of the State. This Court also has jurisdiction because this action presents actual controversies or claims arising under Illinois law, the Illinois Constitution, and the United States Constitution. *See* 735 ILCS 5/2-701. Jurisdiction further lies pursuant to 28 USC §1331 / §1343 and supplemental jurisdiction under the State of Illinois.

**ANSWER: Defendant Lacey admits Plaintiff's complaint is brought pursuant to 735 ILCS 5/2-209(b)(3). Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

## FACTUAL ALLEGATIONS

7.      At all times relevant, Plaintiff, LAWRENCE GARDNER was the rightful owner and tenant of the property located at 1330 E. 42nd St. in Dolton, Illinois.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

8.      Plaintiff LAWRENCE GARDNER purchased the property and started E-VETT TRUCKING AND WAREHOUSE in the early part of April 2021.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

9.      E-VETT TRUCKING AND WAREHOUSE LLC operated its business in the premises and promised defendant VILLAGE OF DOLTON to make repairs to the property, putting up an escrow of $1,000.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

2

10.     In September of 2021 the Plaintiff filed for a business license.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

11.     The Plaintiff was told he could operate pending the license process.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

12.     The Plaintiff made the repairs to his property.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

13.     On May 3rd, 2022, the Plaintiff's business was shut down by VILLAGE OF DOLTON Police Department and COMMANDER LACEY, despite the property being within code and approved by the VILLAGE OF DOLTON inspectors.

**ANSWER: Defendant Lacey denies shutting Plaintiff's business down. Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the remaining allegations contained in this paragraph.**

14.     On about June 6th, 2022, the Plaintiff was given a license for his business

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

15.     On or about January 22nd, 2023, the Plaintiff held a business party at this business location and was cited for no business license and unauthorized liquor sales.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

16.     The Plaintiff was not selling alcohol.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

17.     Plaintiff LAWRENCE GARDNER was initially found liable by an administrative court of the VILLAGE OF DOLTON for unauthorized sale of alcohol on February 16th, 2023. Plaintiff was found not liable on the other charges.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

18.     On March 16th, 2023, Plaintiff LAWRENCE GARDNER filed a pro-se administrative review action (*Gardner v. Village of Dolton*, 2023-M-602509), challenging the February 16th 2023 finding.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

19.     The Defendant VILLAGE OF DOLTON ignored the summons and action and an order of default was entered against it on May 22nd, 2023.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

20.     On May 27th, 2023, rather than comply with the court's order, the Defendant VILLAGE OF DOLTON closed Gardner's business, claiming it was "not approved for occupancy" and put out stickers and notices announcing the closing of the property.

**ANSWER: Defendant Lacey admits that notice stickers were put on the property. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

21.     On August 16th, 2023, judgement was entered in a Cook County Court for Plaintiff LAWRENCE GARDNER and Defendant VILLAGE OF DOLTON was ordered to pay costs.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

22.     To date, the Defendant VILLAGE OF DOLTON has not paid costs due to Lawrence Gardner.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

to either admit or deny the allegations contained in this paragraph.

23.     The closure of the E-VETT TRUCKING AND WAREHOUSE LLC business and allegedly revoking its business license were in violation of Plaintiffs' due process rights in that no notice or hearing was provided before such summary action was taken.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

**to either admit or deny the allegations contained in this paragraph.**

24.     Upon inquiries, Plaintiff LAWRENCE GARDNER was told to talk to the Defendant MAYOR TIFFANY HENYARD. Plaintiff LAWRENCE GARDNER attempted to talk to Defendant TIFFANY HENYARD and she walked away.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

**to either admit or deny the allegations contained in this paragraph.**

25.     In an effort to further deprive LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE LLC from access and use of the property, the Defendant MAYOR TIFFANY HENYARD has used her private security and the VILLAGE OF DOLTON police department to obstruct allowing anyone to enter the property.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

**to either admit or deny the allegations contained in this paragraph.**

26.     Defendant MAYOR TIFFANY HENYARD has put out a verbal edict that no one was allowed on the property.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

**to either admit or deny the allegations contained in this paragraph.**

27.     In furtherance of this edict Defendant KIM ALSTON and COMMANDER LACEY came out to the property with VILLAGE OF DOLTON Police Department and cleared the property of Lawrence Gardner and his family, who were holding a family Celebration of Life on March 25th, 2023.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

28.     Defendant KIM ALSTON and THE VILLAGE OF DOLTON Police Department did not have a warrant to enter the premises.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which**

**to either admit or deny the allegations contained in this paragraph.**

5

29.     This action was conducted by directive of MAYOR TIFFANY HENYARD.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

30.     There was no exigent circumstances requiring the VILLAGE OF DOLTON authorities to enter the premises.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

31.     The actions of the Defendants were done under color of law and within their scope of employment.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

32.     The actions of the Defendants were intentional, willful, and wanton.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

33.     Plaintiff LAWRENCE GARDNER's property was raided approximately eleven times without a warrant or exigent circumstances as a result of directives of MAYOR TIFFANY HENYARD and COMMANDER LACEY.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

34.     When raids occurred and questioned, the Plaintiffs were informed that "It was out of our hands, the Mayor sent us."

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

35.     On one occasion, April 6th 2023, Defendant VILLAGE OF DOLTON Police Officer Defendant COMMANDER LACEY illegally entered the property and threw Plaintiff LAWRENCE GARDNER against a desk, causing Plaintiff extreme injury and pain.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

36.     The actions of the Defendant MAYOR TIFFANY HENYARD in directing the actions of Defendant KIM ALSTON and Defendant COMMANDER LACEY were a violation of

the Plaintiff's due process rights as protected by the Fourteenth Amendment.

**ANSWER: Defendant Lacey denies violating Plaintiff's due process rights. Defendant Lacey lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

37.     The actions of illegally entering and searching the Plaintiff's property violated the Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER: Defendant Lacey denies illegally entering and searching the Plaintiff's property and violating Plaintiff's Fourth Amendment rights.**

## COUNT I – DUE PROCESS RIGHTS

1-37.   The Plaintiff hereby realleges and incorporates the allegations of paragraphs 1-37 of Count I of the complaint as its allegations of paragraph 1-37 of Count II as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38.     As a result of the Defendants' actions from January 2023 to present, the Plaintiffs suffered monetary loss, loss of business, damages, emotional distress, and anxiety.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## COUNT II – ILLEGAL SEARCH

1-37.[1] The Plaintiff hereby realleges and incorporates the allegations of paragraphs 1-37 of Count I of the Complaint as its allegations of paragraphs 1-37 of Count II as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38.     The Defendant COMMANDER LACEY with other Dolton Police Officers entered the property approximately eleven times without warrant or exigent circumstances.

**ANSWER: Defendant Lacey denies entering Plaintiff's property without a warrant**

---

[1] Note that the paragraphs of Plaintiff's Complaint appear to be misnumbered. This Answer preserves the numbers as they appear in the complaint.

**or exigent circumstances Defendant Lacey lacks sufficient knowledge or information upon**

**which to either admit or deny the remaining allegations contained in this paragraph.**

39.     The actions of the Defendants in directing and consistently entering the property without a warrant violated the Plaintiffs' Fourth Amendment Rights

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

40.     The actions of the Defendants interrupted the quite use and enjoyment of Plaintiff LAWRENCE GARDNER of his property and interference with the business of E-VETT TRUCKING AND WAREHOUSE.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

41.     As a result of the actions of the Defendants KIM ALSTON and COMMANDER LACEY, the Plaintiff suffered fear, anxiety, injury, interference with their business, money losses and damages.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

<u>**COUNT III – EXCESSIVE FORCE / COMMANDER LACEY**</u>

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count II as his respective allegations of paragraphs 1-37 of Count III as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38.     The Plaintiff LAWRENCE GARDENER was physically injured as a result of the actions of COMMANDER LACEY on April 6th, 2023.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

39.     The actions of Defendant COMMANDER LACEY were excessive, unreasonable and unwarranted.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

40.     The actions of COMMANDER LACEY were intentional, willful, and wanton.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

41.     The actions of COMMANDER LACEY violated Plaintiff's Fourth Amendment Rights as protected by 42 U.S.C. § 1983.

8

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

42. As a result of the actions of COMMANDER LACEY, The Plaintiff suffered pain, suffering, injuries, monetary loss, emotional distress and anxiety.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## COUNT IV FALSE ARREST / JUNE 11th 2023

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count III as his respective allegations of paragraphs 1-37 of Count IV as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38. On or about June 10th, 2023 the Plaintiff, LAWRENCE GARDNER, was lawfully on his property.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

39. Without just cause or a warrant the Defendant, COMMANDER LACEY, entered the property.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

40. The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking any laws.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

41. Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for obstruction of justice, battery, and resisting arrest.

**ANSWER: Defendant Lacey denies arresting the plaintiff without just cause or provocation. Defendant Lacey lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph.**

42. The actions of COMMANDER LACEY were intentional, willful, and wanton.

9

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

43.     The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

44.     As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## <u>COUNT V FALSE ARREST / JULY 2023</u>

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count IV as his respective allegations of paragraphs 1-37 of Count V as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38.     On or about July of 2023, the Plaintiff was within his property with signs and protestors protesting against the actions of Defendant MAYOR TIFFANY HENYARD.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

39.     Without just cause or a warrant the Defendant, COMMANDER LACEY, entered the property.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

40.     The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking any laws.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

41.     Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for several charges, including illegal assembly and illegal protest.

**ANSWER: Defendant Lacey denies he arrested Plaintiff without just cause or provocation allegations contained in this paragraph. Defendant Lacey lacks sufficient**

10

knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph

42.     The actions of COMMANDER LACEY were intentional, willful, and wanton.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

43.     The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

44.     As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## <u>COUNT VI FALSE ARREST / JANUARY 1st 2024</u>

1-37. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-37 of Count V as his respective allegations of paragraphs 1-37 of Count VI as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

38.     On or about January 1st 2024, the Plaintiff was within his property.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

39.     Without just cause or a warrant the Defendant, COMMANDER LACEY, entered the property.

**ANSWER: Defendant Lacey denies entering Plaintiff's property without just cause or a warrant.**

40.     The Defendant COMMANDER LACEY did not have a warrant or exigent circumstances.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

41.     The Plaintiff, LAWRENCE GARDNER, was not committing a crime or breaking

any laws.

**ANSWER: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.**

42. Without just cause or provocation the Defendant, COMMANDER LACEY arrested the Plaintiff LAWRENCE GARDNER for illegal alcohol and illegal assembly.

**ANSWER: Defendant Lacey denies he arrested Plaintiff without just cause or provocation allegations contained in this paragraph. Defendant Lacey lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in this paragraph**

43. The actions of COMMANDER LACEY were intentional, willful, and wanton.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

44. The actions of COMMANDER LACEY violated the Plaintiff, LAWRENCE GARDNER's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER: Defendant Lacey denies he violated Plaintiff's Fourth Amendment rights.**

45. As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## COUNT VII – JULY 2023 / FIRST AMENDMENT

1-43. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-43 of Count V as his respective allegations of paragraphs 1-43 of Count VII as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

44. The actions of arresting the Plaintiff for protesting violated Plaintiff LAWRENCE GARDNER's first amendment rights as protected by 42 U.S.C. § 1983.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

45. The actions of COMMANDER LACEY were intentional, willful, and wanton.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

46. As a result of the actions of the Defendant COMMANDER LACEY, the Plaintiff suffered pain, suffering, emotional distress, anxiety, fear, and monetary loss.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## COUNT VIII: MONEL POLICY

1-38. The Plaintiff hereby realleges and incorporates the allegations of Paragraph 1-38 of Counts I and II as their allegations of Paragraphs 1-38 of Count VIII as though fully set forth herein.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

39. The VILLAGE OF DOLTON has a practice and policy of interfering with the rights and the businesses of Plaintiff business owners in the VILLAGE OF DOLTON.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

40. The VILLAGE OF DOLTON through official edits of Defendant MAYOR TIFFANY HENYARD has directed employees to interfere with lawful business and property rights of individuals after Lawrence Gardner refused to pay $3,500.00 annually.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

41. The VILLAGE OF DOLTON has a practice, custom, and policy of failing to officially notify applicants that a business license has been denied.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

42. The VILLAGE OF DOLTON has a practice and policy of denying license holders or applicants of a right to a hearing for either revoking or denying a business license.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

43. In evidence of these practices and policies are the multitude of current litigation and actions filed against the Defendants and this administration, including but not limited to the

following: Defendant Lacey lacks sufficient knowledge or information upon which to either admit or deny the allegations contained in this paragraph.

    a.    <u>Calumet Conservation Club v. Village of Dolton, et al.</u> (2023CH06475)

    b.    <u>Pablo's Café and Bar LLC v. Village of Dolton, et al.</u> (2024-CV-01770)

    c.    <u>Lacey's Place LLC v. Village of Dolton, et al.</u> (2023 CH 07019)

    d.    <u>Redeemed Christian Church of God Resurrection Power Assembly v. Tiffany Henyard, et al.</u> (1:24-cv-01868)

    e.    <u>George's Towing Inc. v. Village of Dolton, et al.</u> (1:23-cv-06441)

    f.    <u>Rucker Holdings v. Village of Dolton, et al.</u> (22-cv-1796)

    g.    <u>Isom Jr., et al v. Village of Dolton, et al.</u> (1:24-cv-03236)

    h.    <u>Woods, et al. v. Freeman, et al.</u> (1:24-cv-11776)

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

    44.    As a result of these customs, practices and policies created by Defendant MAYOR TIFFANY HENYARD and the VILLAGE OF DOLTON, the Plaintiffs incurred monetary losses, ongoing emotional distress and other damages.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

### <u>COUNT IX MONEL POLICY – COMMANDER LACEY</u>

    1-39. The Plaintiff hereby realleges his allegations of Paragraphs 1-39 of counts III, IV, V, VI, and VII as his allegations of paragraphs 1-39 of Count IX as though fully set forth herein.

**ANSWER: Defendant Lacey restates his answers to each paragraph of this Complaint as if restated fully herein.**

    40.    COMMANDER LACEY has a history of complaints against him by citizens for false arrest and excessive force.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

    41.    The VILLAGE OF DOLTON has failed to investigate and/or ignored the consistent outrageous unlawful conduct of COMMANDER LACEY.

**ANSWER: Defendant Lacey denies he engaged in consistent outrageous unlawful conduct. Defendant lacks sufficient knowledge or information upon which to form a belief**

**as to the truth of the remaining allegations contained in this paragraph.**

42.    THE VILLAGE OF DOLTON has a practice and policy of allowing COMMANDER LACEY to run free and unchecked.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

43.    The custom, practice, and policy was a driving force and contributed to the continued unlawful conduct against LAWRENCE GARDNER and E-VETT TRUCKING AND WAREHOUSE.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

44.    Evidence of this custom, practice and policy is the multitude of complaints and lawsuits against COMMANDER LACEY as a law enforcement officer.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

45.    As a result of this practice, custom and policy the Plaintiff LAWRENCE GARDNER suffered fear, anxiety, pain, suffering, inconvenience, and monetary losses.

**ANSWER: Defendant Lacey denies the allegations contained in this paragraph.**

## COUNT IX INDEMNIFICATION

1-43. Plaintiff re-alleges and incorporates the allegations of Counts I-VII as their allegations of paragraphs 1-43 as though fully set forth herein.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

44.    Illinois Law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

45.    Defendant TIFFANY HENYARD is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

46.     Defendant KIM ALSTON is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

47.     Defendant COMMANDER LACEY is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

48.     Should Defendants KIM ALSTON, TIFFANY HENYARD, and COMMANDER LACEY be found liable for the acts alleged above, the Defendant VILLAGE OF DOLTON would be liable to pay the Plaintiff any judgement obtained against said Defendant.

**ANSWER: Defendant Lacey makes no answer to the allegations in paragraph, as these allegations are not directed against this defendant.**

## **AFFIRMATIVE DEFENSES**

### 1.     **Failure to State a Claim**

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendant Lacey. In particular, certain counts fail to allege the requisite factual and legal elements to sustain claims under 42 U.S.C. § 1983 or under state law.

### 2.     **Qualified Immunity (Federal Claims)**

At all relevant times, Defendant Lacey acted in good faith within the scope of his official duties as a police officer, with a reasonable belief that his conduct was lawful. Defendant Lacey is entitled to qualified immunity on all federal constitutional claims asserted by Plaintiffs, because no clearly established law put him on notice that his alleged actions violated Plaintiffs' constitutional rights.

16

3.      **Illinois Tort Immunity Act (State Law Claims)**

To the extent Plaintiffs allege state-law tort claims against Defendant Lacey, such claims may be barred, in whole or in part, by the protections afforded under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq. Defendant Lacey's actions were discretionary and carried out in good faith, thereby entitling him to immunity from liability under the relevant provisions of said Act.

4.      **Probable Cause / Arguable Probable Cause (False Arrest Claims)**

Any arrest or detention of Plaintiff Gardner was based on probable cause or, at a minimum, arguable probable cause that a crime had been or was being committed. Therefore, Plaintiffs' false arrest claims fail as a matter of law. Alternatively, if the Court determines that probable cause was lacking, Defendant Lacey is entitled to qualified immunity because a reasonable officer could have believed that probable cause existed.

5.      **Justification and Reasonableness (Excessive Force Claim)**

Defendant Lacey's actions, if any, involving the use of force were at all times objectively reasonable under the circumstances and consistent with established law enforcement standards. Any force used was necessary to protect public safety and to effectuate lawful police purposes. As such, Plaintiffs' claims of excessive force fail.

6.      **Plaintiffs' Own Conduct / Comparative Fault**

To the extent permitted by law, Plaintiffs' injuries, if any, were proximately caused or contributed to by their own acts, omissions, or unlawful conduct. Consequently, any recovery by Plaintiffs must be diminished or barred.

7.      **Failure to Mitigate Damages**

17

Plaintiffs have failed to undertake reasonable measures to mitigate their alleged injuries and damages, if any. Accordingly, to the extent Plaintiffs seek damages that could have been avoided through reasonable efforts, such damages are not recoverable from Defendant Lacey.

**8.      Superseding or Intervening Cause**

Any injuries or damages alleged by Plaintiffs were caused by intervening or superseding acts or omissions by third parties or by events outside Defendant Lacey's control, thereby negating or limiting liability.

**9.      Statute of Limitations**

To the extent any of Plaintiffs' claims accrued outside the relevant limitations period, they are time-barred and cannot be maintained against Defendant Lacey. Additionally, if Plaintiffs unreasonably delayed asserting their rights, laches may bar or limit recovery.

**10.      No Actual Damages / De Minimis Injury**

Even if a technical or nominal violation is found, Plaintiffs have not sustained compensable damages or have only sustained de minimis injury. Thus, any recovery should be limited or barred.

**11.      Reservation of Defenses**

Defendant Lacey reserves the right to assert additional defenses, including further affirmative defenses, that may arise during the course of discovery or otherwise become available or apparent.


Dated: February 13, 2025                    Respectfully submitted,
                                            DEFENDANT LEWIS LACEY

                                    By:     */s/ Thomas M. Leinenweber*

18

Thomas M. Leinenweber
Michael J. Schalka
Leinenweber, Daffada & Sansonetti, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
866-786-3705
mjs@ilesq.com